Bragino v Coachman Luxury Transp., Inc. (2025 NY Slip Op 00477)

Bragino v Coachman Luxury Transp., Inc.

2025 NY Slip Op 00477

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Index No. 30145/20 Appeal No. 3255 Case No. 2023-04700 

[*1]Marino Bragino, Plaintiff-Appellant,
v
Coachman Luxury Transport, Inc., et al., Defendants-Respondents, Hop In Bus Service LLC, et al., Defendants-Appellants, Kolokani Trucking LLC, et al., Defendants.

Miller, Montiel & Strano, P.C., Garden City (David M. Strano of counsel), for Marino Bragino, appellant.
Gallo Vitucci Klar LLP, Irvington (Melissa A. McCarthy of counsel), for Hop In Bus Service LLC and Taurean Kelly, appellants.
Carol R. Finocchio, Water Mill, for respondents.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about March 13, 2023, which granted the motion of defendants Coachman Luxury Transport, Inc. and Bus Around Town Corp. (together, the Coachman defendants) for summary judgment dismissing the complaint and all cross-claims as against them, unanimously affirmed, without costs.
Plaintiff seeks to recover for injuries he sustained while he was a passenger on a bus owned by defendant Hop In Bus Service, LLC and driven by defendant Taurean Kelly. Plaintiff, a schoolteacher, had retained Coachman Luxury Transport on behalf of his employer to transport a group of students and accompanying adults on a school trip.
In a related action commenced on behalf of another passenger who was injured on the same bus, this Court affirmed an order granting the Coachman defendants' motion for summary judgment on the ground that they could not be held vicariously liable for any negligence by Hop In, an independent contractor, and Kelly (Morand v Coachman Luxury Transp., Inc., 228 AD3d 463 [1st Dept 2024]). Hop In and Kelly, who are also defendants in the Morand action, are collaterally estopped from relitigating that issue in this case (see Buechel v Bain, 97 NY2d 295, 303-306 [2001], cert denied 535 US 1096 [2002]). Furthermore, although plaintiff may not be in privity with the Morand plaintiffs for purposes of collateral estoppel (see Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]), the Morand case has stare decisis effect in this case, which is based on the same facts and legal theories, and plaintiff has provided no compelling justification for us to overrule our recent precedent (see Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 819-820 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025